IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SEBASTIAN SHEPHERD,  )
      Petitioner,  )
        )
        )   No. CIV-17-427-HE
v.  )
        )
HECTOR RIOS, Warden,  )
        )
      Respondent.  )

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this action on April 13, 2017. In his Petition, Petitioner challenges the convictions entered against him in the District Court of Cleveland County, Case No. CF-2012-1638. On April 13, 2017, the matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On May 17, 2017, an Order For Response by Oklahoma Attorney General was entered (Doc. # 10) directing Respondent Warden to file a response to the allegations in the Petition within thirty (30) days from the date of service. In a handwritten letter addressed to the undersigned and dated May 23, 2017, Petitioner requested that the court "suspend" his habeas proceeding "so that I can exhaust my state remedies in

1

post convction on my ineffective appeal counsel [claim] which I plan to file in federal court if its [sic] denied in the state court." Letter (Doc. # 12).

Construing this letter as a request for dismissal of the habeas proceeding, the undersigned entered an Order on June 1, 2017, directing the Court Clerk to close the case effective May 30, 2017, the date the Petitioner's letter was filed, and returning Petitioner's $5.00 filing fee previously submitted to the Clerk of the Court.

Petitioner has now submitted a second letter addressed to the undersigned filed June 9, 2017, in which Petitioner states that he believes the Court "misunderstood" his previous letter and that he is requesting that the instant habeas proceeding by "stay[ed]" rather than dismissed "while I exhaust my post conviction" remedy. Letter (Doc. # 14). Petitioner asserts that he is requesting the entry of an order staying the habeas proceeding rather than dismissing the action because his habeas claims "will become time barred" under 28 U.S.C. § 2244(d) "while I exhaust my state remedies on my ineffective assistance [of] appellate counsel claim which I intend to incorporate into my habeas corpus [action] once I finish exhausting it in state court." Id.

In view of Petitioner's second letter requesting a stay instead of a dismissal of his habeas action, the Order entered June 1, 2017, (Doc. #13) is hereby VACATED, and the case reinstated.

With respect to Petitioner's request for a stay, Petitioner provides no authority for his request that a stay be entered pending his exhaustion of state remedies concerning a new claim not asserted in his habeas Petition. The Court recognizes that a stay may be entered, within the exercise of the Court's discretion, in "limited circumstances" in federal habeas actions involving a "mixed petition." <u>Rhines v. Weber</u>, 544 U.S. 269, 276-77 (2005). The petitioner seeking a stay must show (1) good cause for the petitioner's failure to exhaust the claim before seeking relief in federal court; (2) the claim is not plainly meritless; and (3) he has not engaged in intentionally dilatory litigation tactics. <u>Id.</u> at 278.

Petitioner states in his Petition (Doc. # 2) that he has exhausted available state remedies concerning each of the eight grounds for relief asserted in the Petition. In his letter requests, Petitioner asserts only that he is requesting a stay because he wishes to return to the state courts to pursue post-conviction relief concerning a new claim of ineffective assistance of appellate counsel. Petitioner has not provided any justification for seeking a stay, and he has not satisfied the requirements for seeking a stay of this action. Therefore, Petitioner's request for a stay should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Petitioner's request

for a stay of the instant habeas proceeding, as set forth in his letters filed May 30, 2017 (Doc. # 12), and June 9, 2017 (Doc. # 14), be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ____July 3rd____, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

    This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    ENTERED this ____13th____ day of ____June____, 2017.

*[Signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE