# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SEBASTIAN SHEPHERD, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-17-0427-HE |
| | ) | |
| HECTOR RIOS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner Sebastian Shepherd is a state prisoner who seeks habeas relief pursuant to 28 U.S.C. § 2254. He was convicted in the District Court of Cleveland County, Oklahoma, after jury trial, of first degree murder, first degree burglary, and two counts of kidnapping. He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed in an unpublished opinion.

Mr. Shepherd later filed this petition for writ of habeas corpus, proceeding *pro se*. The petition was referred to U. S. Magistrate Judge Gary Purcell for initial proceedings. Judge Purcell has submitted a Second Supplemental Report and Recommendation [Doc. #35, hereafter the "Report"] recommending that the petition be denied.[1]

Petitioner has filed an objection to the Report. However, the objection does not attempt to come to grips with the Report's analysis or conclusions in any specific way, relying for the most part on re-adopting his earlier arguments.[2] Such a non-specific

---

[1] *Prior reports addressed various procedural or preliminary matters.*

[2] *The objection does assert that respondent's brief violated the rules on page limits, but that assertion, even if true, is not a basis for avoiding the Report's conclusion.*

objection is not sufficient to preserve an issue for review and any objections are thereby deemed waived. Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008); *see also* McMullen v. Bravo, 530 Fed. Appx. 693, 696 (10th Cir. 2013). However, in light of petitioner's *pro se* status and his effort to file at least a general objection, the court has nonetheless conducted a *de novo* review of the record and the basis for the Report's conclusions.

The factual background of the case and the circumstances underlying petitioner's conviction are described in the Report and the decision of the OCCA, and need not be repeated here. Further, the Report accurately sets out the applicable standard for review in this habeas proceeding. That standard is deferential—indeed, doubly deferential as to claims of ineffective assistance of counsel—to the OCCA's resolution of the issues raised here, all of which were first considered by the OCCA.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court may grant habeas relief only if the state court' adjudication of the issues "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2).

Factual findings are not "unreasonable" just because this or some other reviewing court might have found the facts differently in the first instance. Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). Rather, this court must defer to the state court determination of

the issue so long as "reasonable minds reviewing the record might disagree about the finding in question." *Id.*

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree on the correctness of the state court's decision." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016). In other words, this court's review is highly deferential to the determination of the OCCA. Further, as noted above, the review is doubly deferential as to issues involving claims of ineffective assistance of counsel. The Strickland v. Washington, 466 U.S. 688, 690-1 (1984), standard for such claims, like the § 2254(d) standard, is "highly deferential and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2011).

Applying these standards, the court concludes petitioner is not entitled to habeas relief for substantially the reasons stated in the Report. With respect to petitioner's challenge to the sufficiency of the evidence, the Report correctly concluded that the OCCA applied the federal constitutional standard for evaluating such claims—whether, viewing the evidence in the light most favorable to the prosecution, a rational juror could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). There was plainly evidence here which prevented the OCCA's determination of the issue from being viewed as unreasonable under that standard.

As for petitioner's challenge based on the admission of certain evidence at trial, the only question for federal habeas purposes is whether admission of the evidence rendered his trial "fundamentally unfair," hence violating his Due Process rights. Payne v. Tennessee, 501 U.S. 808, 825 (1991). The Report correctly noted that the OCCA

3

essentially applied that standard. And for the reasons stated more fully in the Report, the OCCA's determination of the question was not outside the bounds of reasonableness.[3]

Petitioner's claim of alleged prosecutorial misconduct also fails. The OCCA's conclusions that the challenged statements of the prosecutors were fair comments based on the evidence or that any questionable statements did not prejudice him were not plainly unreasonable.

Petitioner also contends that the trial court should have declared a mistrial based on a witness's surprise identification of petitioner. However, in light of the trial judge's immediate instruction to the jury to ignore the surprise statement and defense counsel's later reference to it notwithstanding the court's instruction, the OCCA's rejection of the claim was not unreasonable.

Petitioner's objection to the Report reminds the court that certain of his claims are also the basis for his ineffective assistance of counsel claim. However, the OCCA concluded those underlying claims were either without merit or that any claimed deficiency in counsel's performance did not prejudice the petitioner. The OCCA's determination of these issues was not unreasonable in light of the "double deference" standard referenced above.

---

[3] *Petitioner asserts the admission of testimony by a detective as to what Ms. Miller told him about petitioner's statements to her was error because it was hearsay. The OCCA reasonably concluded petitioner's statements to Miller were not hearsay as they were the statement of a party opponent. Though less clear, the OCCA also appears to have concluded that Miller's statements to the detective were not hearsay because they were not offered to prove the truth of the matter asserted, and were instead offered to impeach Miller with her prior inconsistent statement. That conclusion was not unreasonable, particularly in light of the trial judge's instruction to the jury that they were to consider such statements only for impeachment. In any event, there is no basis for concluding admission of the evidence rendered the trial fundamentally unfair.*

Finally, petitioner seeks relief based on cumulative error. The OCCA's conclusion that there were no errors to cumulate was not plainly unreasonable, so this ground affords petitioner no basis for relief.

In sum, Mr. Shepherd has not stated any specific basis for his objection to the Report. Further, considering his prior contentions in light of the record, he has offered no persuasive basis for rejecting the Report's analysis and conclusions. Therefore, for substantially the reasons stated in the Report, the Report is **ADOPTED**. Petitioner's petition for writ of habeas corpus [Doc. #2] is **DENIED**. A certificate of appealability is also **DENIED**. Judgment will enter accordingly.

**IT IS SO ORDERED.**

Dated this 18th day of April, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE